UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60037-CIV-GONZALEZ/Snow
03-60144-CR-MARRA/GONZALEZ

DENSIL JONES,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the movant's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

On September 30, 2003, the movant and three co-defendants were named in a six-count superseding indictment. The movant was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession of five kilograms or more with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 3), and conspiracy to launder money, in violation of 18 U.S.C. §1956)(a)(1)(A)(i), B(i) and H (Count 5). The movant proceeded to trial, and on March 18, 2004, a jury found him guilty as charged in the superseding indictment. On June 25, 2004, the movant was sentenced to a total prison term of 188 months, to be followed by

a five year term of supervised release and a fine in the amount of $5,000, pursuant to the United States Sentencing Guidelines.

The movant appealed, and on June 20, 2005, the Eleventh Circuit Court of Appeals affirmed the judgment of the district court in an unpublished decision. The United States Supreme Court denied *certiorari* on October 17, 2005.

The instant motion to vacate was timely filed under the AEDPA, and asserts as grounds that the movant was illegally sentenced by virtue of the Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), and that he was denied his right to effective assistance of counsel at trial and on appeal because this issue was not preserved.

## II. **RECOMMENDATIONS OF LAW**

The standards which must be applied in determining what constitutes ineffective assistance of counsel are set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). There the court held that "the proper standard of attorney performance is that of reasonably effective assistance," and that the burden is on the defendant to demonstrate that "counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 687-688. In determining whether the defendant has met this burden,

> . . . a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been

2

>	the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

Id. at 690.

The court in Strickland noted that counsel in any criminal case has certain basic duties: a duty of loyalty, to avoid conflicts of interest; a duty to advocate the defendant's cause, to consult with the defendant on important decisions and keep him informed of important developments in the case; and a duty to apply "such skill and knowledge as will render the trial a reliable adversarial testing process." Id. at 688. In determining whether counsel in a particular case adequately performed these duties, the reviewing court must make every effort to "eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time," and the court should apply "a heavy measure of deference to counsel's judgments." Id. at 689, 691.

The "burden of proof for showing ineffective assistance of counsel is, and remains, on petitioner throughout a habeas corpus proceeding." Roberts v. Wainwright, 666 F.2d 517, 519 n.3 (11th Cir. 1982). See also, Jones v. Kemp, 678 F.2d 929, 932 (11th Cir. 1982). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, supra, at 694.

The law is clear that defendants in criminal cases have the right to effective counsel on appeal. In order to prevail on this ground, a habeas corpus petitioner must prove that he did not receive "reasonably effective representation." Mylar v. Alabama, 671 F.2d 1299, 1300 (11th Cir. 1982). However, counsel need not provide perfect assistance. Id. While failure to file a brief is in most cases ineffective, counsel need not brief issues reasonably considered to be without merit. Hooks v. Roberts, 480 F.2d 1196, 1197-98 (5th Cir. 1973), cert. denied, 414 U.S. 1163 (1974). To determine whether issues not raised were of substantial merit, a reviewing court must "examine the alleged trial errors to see if they contain sufficient merit . . . that his appellate counsel can be faulted for not having raised them." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir. 1984), quoting Hooks, supra, at 1197.

In the instant case, the movant first argues that his trial counsel was ineffective for failing to investigate the law pertaining to the constitutionality of the United States Sentencing Guidelines, and omitting to object to the application of the Guidelines at his sentencing. The movant points out that he was sentenced one day after the Supreme Court decided Blakely, supra, and asserts that his lawyer should have anticipated the subsequent decision in Booker, supra.

In United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001), a decision dealing with the foreseeability of Apprendi v. New Jersey, 530 U.S. 499 (2000), the Eleventh Circuit stated:

> In this circuit, we have a wall of binding precedent that shuts out any

4

> contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel. That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it. Further, the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner. (Citations omitted.)

District courts in this circuit have applied <u>Ardley</u> in cases dealing with trial counsel's failure to anticipate <u>Booker</u>. <u>United States v. Nichols</u>, 2006 WL 1151994 (M.D. Fl. April 28, 2006); <u>Santiago v. United States</u>, 2006 WL 1232806 (M.D. Fla. May 8, 2006); <u>United States v. Benveniste</u>, 2006 WL 269969 (N.D. Ga. Feb. 3, 2006). These cases also emphasize that in <u>United States v. Reese</u>, 382 F. 3d 1308 (11th Cir. 2004), the court held that <u>Blakely</u> did <u>not</u> apply to the federal Sentencing Guidelines.

Based on <u>Ardley</u> and the cases construing it, it is clear that the movant's trial counsel was not ineffective in failing to object to the computation of the movant's sentence based on the unconstitutionality of the Sentencing Guidelines. *See, also,* <u>Fuller v. United States</u>, 398 F.3d 644, 651 n.4 (7th Cir. 2005). Since no objection was made at time of sentencing, the issue was not preserved for appeal, and appellate counsel cannot be faulted for failing to raise it. <u>Alvord</u>, 725 F.2d at 1291. Finally, <u>Booker</u> applies only to cases where the issue was raised in the initial brief on direct appeal, and cannot be applied to the movant's sentence at this stage of the proceedings. <u>United States v. Dockery</u>, 401 F.3d 1261 (11th Cir. 2005).

Accordingly, the movant has failed to demonstrate that he was prejudiced by any error committed by his counsel at trial or on direct appeal, and Booker cannot be applied in a collateral attack on his sentence.

### III. CONCLUSION

This Court has reviewed carefully the record in this matter as well as the applicable law, and being fully advised in the premises, it is hereby

RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Jose A. Gonzalez, Jr., Senior United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 30th day of January, 2007.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Richard Della Fera, Esq.
AUSA Patricia Diaz (FTL)